UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. LEON, DUX708,<br>　　　　Plaintiff,<br>　　v.<br>OFFICE OF THE SHERIFF, et al.,<br>　　　　Defendant(s). | Case No. 21-cv-06317-CRB (PR)<br><br>**ORDER OF DISMISSAL** |

　　　　Plaintiff, a pretrial detainee at the Santa Clara County Jail (SCCJ), filed a pro se complaint under 42 U.S.C. § 1983 against three Santa Clara County Superior Court judges – David A. Cena, Eric S. Geffon and Cynthia Sevely – challenging various decisions the judges made in connection with plaintiff's ongoing state criminal proceedings and pretrial detention. Among other things, plaintiff challenged the judges' decisions on his applications/motions for bail and to locate and interview witnesses (plaintiff is representing himself) and on his request for medical care outside SCCJ because medical care at SCCJ is inadequate. Plaintiff sought damages and injunctive relief.

　　　　On October 22, 2021, the court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with partial leave to amend to allege a § 1983 claim against SCCJ officials for denial of his Fourteenth Amendment right to adequate medical care, if possible. The court explained:

> The superior court judges named in this action are dismissed because it is well-established that state judges are absolutely immune from damages under § 1983 for acts performed in their judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under § 1983). And § 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Neither exception applies here.
>
> Plaintiff may be able to challenge his court set bail and certain other matters in connection with his ongoing state criminal proceedings in a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3).

> See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (district court may entertain a petition for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced). But because principles of federalism and comity require that a district court abstain until all state criminal proceedings are completed and petitioner exhausts available judicial state remedies, he would have to show that special circumstances warrant federal intervention prior to a state criminal trial. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980). If plaintiff wishes to proceed with a petition for a writ of habeas corpus under § 2241(c)(3), he must file one as a new and separate action.
>
> Plaintiff may be able to challenge the allegedly inadequate medical available at SCCJ by filing an amended complaint under § 1983 against SCCJ officials (as opposed to state court judges) alleging denial of his right to adequate medical care under the Fourteenth Amendment. See Gordon v. County of Orange, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). But in order to state such a claim against SCCJ officials, plaintiff must set forth specific allegations showing that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Id. at 1125. Plaintiff will be afforded an opportunity to do so, if he can, by filing an amended complaint.

Oct. 22, 2021 Order (ECF No. 8) at 2-3.

On November 8, 2021, plaintiff filed a timely First Amended Complaint (FAC) under § 1983 again alleging denial of his right to bail and to properly represent himself in connection with the ongoing state criminal proceedings against him and, in a totally conclusory fashion, denial of "proper medical treatment and wellness health." FAC (ECF No. 10) at 2.

The court previously explained to plaintiff that he may be able to challenge his court set bail and certain other matters in connection with his ongoing state criminal proceedings in a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) and that if he wishes to do so he must file a new and separate action. Plaintiff's reiterated challenges in his FAC regarding matters in connection with this ongoing state criminal proceedings may not be brought and pursued in this § 1983 action.

The court previously also explained to plaintiff that he may be able to challenge the medical care available to him at SCCJ by filing an amended complaint against SCCJ officials in this § 1983 action alleging denial of his right to adequate medical care under the Fourteenth

Amendment.  The court further explained that in order to state such a claim against SCCJ officials, plaintiff must set forth specific allegations showing that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Oct. 22, 2021 Order at 2-3 (quoting Gordon, 888 F.3d at 1125).  But plaintiff did not even attempt to do so.  In his FAC he only alleges, in a totally conclusory fashion, denial of "proper medical treatment and wellness health for [a]ll Santa Clara County inmates." FAC at 2.  This will not.

Because plaintiff has not stated a cognizable claim under § 1983 for denial of his right to adequate medical care under the Fourteenth Amendment despite being afforded leave to amend with instructions on the requirements for stating such a claim, the FAC is DISMISSED under the authority of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted without further leave to amend.

**IT IS SO ORDERED**.

Dated:  November 22, 2021

CHARLES R. BREYER
United States District Judge